UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DIAGEO NORTH AMERICA, INC.,

                              08 Civ. 2522

           Plaintiff,

  -against-                         **ANSWER OF OOCL**
                                          **WITH AFFIRMATIVE**
M/V "CAIFORNIA LUNA", her engine, boilers,      **DEFENSES**
etc. and ORIENT OVERSEAS CONTAINER
LINES LIMITED,


           Defendants.
------------------------------------------------------------X

        Defendant Orient Overseas Container Line Ltd. ("OOCL"), by and through its attorneys, Tisdale Law Offices, LLC, as and for its Answer to the Complaint dated March 13, 2008, hereby states as follows:

        1.     Admits that all and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

        2.     Denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 2 of the Complaint.

        3.     Admits that at and during all the times hereinafter mentioned, Defendant had and now has the legal status and an agent with an office and place of business stated in Schedule A and was and now is engaged in business as a carrier of merchandise by water for hire, and chartered the vessel above named as a carrier of merchandise by water for hire, but, except as so admitted, hereby denies the remainder of the allegations in Paragraph 3 of the Complaint.

4. Admits that at and during all the times hereinafter mentioned, the said vessel was and now is a general ship employed in the carriage of merchandise by water for hire but, except as so admitted, hereby denies the remainder of the allegations in Paragraph 4 of the Complaint.

5. Admits that on or about the date and at the port of shipment stated in Schedule A, there was shipped by shipper therein named and delivered to the said vessel, as carriers, one container said to contain 1060 cases whiskies and the said vessel then and there accepted said shipment so shipped and delivered to them and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the port of destination stated in Schedule A and there deliver the same but, except as so admitted, hereby denies the remainder of the allegations in Paragraph 5 of the Complaint.

6. Admits that, thereafter, the said vessel arrived at the port of destination, where is made delivery of the shipment, but, except as so admitted, hereby denies the remainder of the allegations in Paragraph 6 of the Complaint.

7. Denies the allegations contained in the Paragraph 7 of the Complaint.

8. Denies the allegations contained in the Paragraph 8 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

9. Plaintiff's Complaint fails to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

10. Plaintiff is not a real party-in-interest.

## THIRD AFFIRMATIVE DEFENSE

11. The said shipment was transported on the said vessel and was discharged and delivered subject to the bill of lading issued therefor, and tariff by which the shippers, owners, consignees and holders of said bill of lading agreed to be and are bound, and were subject also to the provisions of the United States Carriage of Goods by Sea Act, approved April 16, 1936 and/or the Harter Act. Any loss and/or injury and/or damage alleged to have been suffered by the shipment was due to a cause or causes for which this defendant is not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act and/or Harter Act, and/or The Hague Rules and/or similar legislation and/or provisions of the said bill of lading and/or tariff and/or other applicable provisions of the contract of carriage or of law.

## FOURTH AFFIRMATIVE DEFENSE

12. The United States Carriage of Goods by Sea Act provides in ' 1304 thereof, among other things, as follows:

> "(2)  Neither the carrier nor the ship shall be held responsible for loss or damage arising or resulting from-
> ******
> (b)  Fire, unless caused by the actual fault or privity of the carrier;
>
> (c)  Perils, dangers and accidents of sea or other navigable waters;
>
> (d)  Act of God;
>
> (i)  Act of omission of the shipper or owner of the goods, his agent or representative;
>
> (m)  Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality or vice of the goods;
>
> (n)  Insufficiency of packing;

(p) Latent defects not discoverable by due diligence; and Defendants claim the benefit of these provisions as appropriate.

(q) Any other cause arising without the actual fault of the privity of the carrier and without the fault or neglect of the agents or servants of the carrier, but the burden of proof shall be on the person claiming the benefit of this exception to show that neither the actual fault of privity of the carrier nor the fault or neglect of the agents or servants of the carrier contributed to the loss or damage.

### FIFTH AFFIRMATIVE DEFENSE

13. Plaintiff's claim is time-barred under the governing statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

14. In the event that any liability is adjudged against this answering Defendant, then the liability of this Defendant is restricted and limited to U.S. $500 per package, or in case of goods not shipped in package, per customary freight unit, in accordance with the provision of the United States Carriage of Goods by Sea Act, 46 U.S.C. §1304 or some other limitation amount set forth in the governing legislation.

WHEREFORE, Defendant OOCL respectfully requests judgment as follows:

A. Dismissing the Complaint against it and awarding it the costs and disbursements of this action; or, in the alternative,

B. For such other, further and different relief as this Court may deem just and proper.

Dated: New York, NY
       June 2, 2008

                                  Attorneys for Defendant
                                  Orient Overseas Container Line, Ltd.

By:      /s/
           Thomas L. Tisdale (TT5263)
           Lauren C. Davies (LD1980)
           Tisdale Law Offices, LLC
           ttisdale@tisdale-law.com
           ldavies@tisdale-law.com
           11 West 42nd Street, Suite 900
           New York, NY 10036
           Tel: (212) 354-0025
           Fax: (212) 869-0067

## AFFIRMATION OF SERVICE

I hereby certify that on June 2, 2008, a copy of the foregoing ANSWER OF OOCL WITH CROSSCLAIM AND AFFIRMATIVE DEFENSES was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

                                                  /s/
                                        Thomas L. Tisdale